IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRUCE B. WETSEL and SHERRY L. WETSEL,<br><br>        Plaintiffs,<br><br>  vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF ONE WATERFRONT TOWERS, by and through its Board of Directors,<br><br>        Defendant. | Case No. 22-cv-00041-DKW-WRP<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS AND (2) DISMISSING COMPLAINT WITH PREJUDICE** |

Defendant Association of Apartment Owners of One Waterfront Towers ("AOAO") moves to dismiss Plaintiffs Bruce and Sherry Wetsel's wrongful foreclosure and eviction Complaint, Dkt. No. 1, claiming that the statutes of limitations have run on all six of the Wetsels' claims.  The Wetsels assert that the respective statutes were equitably tolled by the AOAO's fraudulent concealment.

Under the federal pleadings standard, the Complaint fails to state a claim for fraudulent concealment because the Wetsels have not alleged facts from which the Court can reasonably infer that the AOAO concealed any information that gives rise to the Wetsels' claims.  *Malabe*, the Hawaiʻi Supreme Court case on which the Wetsels principally rely, is not persuasive because that case was decided under the

1

more lenient state pleadings standard inapplicable here.  Without the proper foundation for fraudulent concealment, the Court agrees with the AOAO that the Wetsels' claims are time-barred.  The motion to dismiss, Dkt. No. 11, is GRANTED, and this action is dismissed with prejudice.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" are insufficient.  *Id*. at 679.  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678

(citing *Twombly*, 550 U.S. at 555) (explaining that "legal conclusions" are not accepted as true).

The federal "plausibility" pleadings standard is more stringent than that of some states. For example, in Hawaiʻi, a party only fails to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief." *Bank of Am., N.A. v. Reyes-Toledo*, 428 P.3d 761, 769, 774–75 (Haw. 2018) (expressly rejecting the federal "plausibility" pleadings standard); Haw. R. Civ. P. 12(b)(6).

## **RELEVANT FACTUAL BACKGROUND**

On June 23, 2006, the Wetsels purchased Apartment 2202 (the "Apartment") of the One Waterfront Towers condominium project (the "project") in Honolulu for $588,000.00. Complaint ¶¶ 11–12. Sometime before March 30, 2012, the Wetsels became delinquent in paying their mortgage loans and homeowner association fees, the latter being owed to the AOAO to cover project operating expenses. *Id.* ¶¶ 6–10, 13.

The AOAO engaged an attorney to pursue collection of the Wetsels' delinquent fees. *Id.* ¶ 15. Among other things, the AOAO recorded a lien against the Apartment for the unpaid fees, and informed the Wetsels via letters, notices, and other communications that they intended to conduct a public power of sale foreclosure of the Apartment pursuant to Sections 667-5 through 667-10 of the

Hawai'i Revised Statutes ("Part I"). *Id.* ¶ 17; Dkt. No. 11-2, Declaration of Sharon Paris, Ex. 1 (October 5, 2011 Notice of Default and Intention to Foreclose).[1] Through these communications, the AOAO represented that it held a power of sale and/or was authorized to use Part I to sell the Apartment. Complaint ¶ 18.

On March 30, 2012, the AOAO conducted a public sale and itself purchased the Apartment for $31,971.21. *Id.* ¶ 20. The AOAO then executed a quitclaim deed for the Apartment as grantor and grantee, recorded the quitclaim deed on April 23, 2012, and evicted the Wetsels from the Apartment. *Id.* ¶¶ 21, 22.

The Wetsels did not challenge the foreclosure or sale for more than eight (8) years. In June 2020, the Hawai'i Supreme Court issued a decision in *Malabe v. Ass'n of Apartment Owners of Exec. Ctr.*, 465 P.3d 777, 786–87 (Haw. 2020). According to the Wetsels, this decision held that AOAO's, including Defendant, were not authorized to use Part I to compel foreclosure because Part I only authorizes public sale by a creditor in possession of a power of sale, such as a mortgage lender. Complaint ¶ 25. The discovery of this decision prompted the Wetsels to initiate this suit.

---

[1] The Court takes judicial notice of publicly recorded and available documents that cannot and have not been reasonably questioned. Fed.R.Evid. 201(b).

## RELEVANT PROCEDURAL BACKGROUND

On January 24, 2022, the Wetsels filed a Complaint against the AOAO, alleging the following six causes of action: (1) conversion/wrongful foreclosure; (2) negligent misrepresentation; (3) negligent supervision; (4) wrongful eviction; (5) unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480-13; and (6) fraud. Complaint at 6–11. The Wetsels further allege that the AOAO fraudulently concealed its wrongful actions by implying or misrepresenting in or about 2012 that it held a power of sale when it did not. *Id.* ¶ 26. The Wetsels claim:

> AOAO made the[se r]epresentations knowing and/or intending that [the] Wetsels would rely on them. . . . [The] Wetsels were members of AOAO and because of that relationship [the] Wetsels believed and reasonably relied on the [r]epresentations and w[ere] lulled into taking no action to challenge the public sale when it occurred.

*Id.* ¶¶ 19, 24.

On March 29, 2022, the AOAO filed the instant motion to dismiss, contending that the Wetsels' claims are time-barred due to the expiration of the relevant statutes of limitations. Dkt. No. 11 at 1.[2]

On May 25, 2022, the Wetsels opposed the motion to dismiss, claiming that the relevant statutes of limitations were equitably tolled by the AOAO's fraudulent

---

[2] The AOAO also asserts various other bases for dismissal, which are not addressed here.

concealment at the time of the alleged torts.³  Dkt. No. 17 at 3–4.  In support, the Wetsels cite to *Malabe*, 465 P.3d at 804–05, in which the Hawaiʻi Supreme Court held that similar allegations adequately stated a claim for fraudulent concealment.  Dkt. No. 17 at 8–10.

On June 3, 2022, the AOAO replied, Dkt. No. 19, with the Court hearing oral argument on this matter on June 17, 2022.  *See* Dkt. No. 20.  The Court took the matter under advisement, and this Order follows.

## DISCUSSION

**I.     The Wetsels have not plausibly alleged fraudulent concealment.**

Hawaiʻi Revised Statutes § 657-20 provides for an extension of the statute of limitations if the person liable under the statute "fraudulently conceals the existence of the cause of action . . . from the knowledge of the person entitled to bring the action."

To invoke H.R.S. § 657-20, a plaintiff must allege facts showing that (1) the defendant fraudulently concealed facts that formed the basis of the plaintiff's claim, (2) the plaintiff did not timely discover those facts, and (3) the plaintiff exercised due diligence in attempting to discover the facts.  *E. W. French & Sons,*

---

³Both parties agree that, if not for equitable tolling, the statutes of limitations applicable to all six of the Wetsels' claims have expired.  *See* Dkt. Nos. 11-1 at 5–8; 17 at 4.  The AOAO asserts that the applicable limitations periods are six years for Counts I–IV and VI and four years for Count V.  Dkt. No. 17 at 4.  The latest date upon which each wrong could have been committed was April 19, 2012, the date the foreclosure affidavit was recorded with the County.  Dkt. No. 11-1 at 7.  The Wetsels filed their Complaint on January 24, 2022, nearly ten years later.

*Inc.*, 885 F.2d 1392, 1399 (9th Cir. 1989); *Rutledge v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 250 (9th Cir. 1978) ("[A plaintiff] must plead with particularity the circumstances surrounding the concealment and state facts showing his due diligence in trying to uncover the facts."). Fraudulent concealment requires "active conduct by [the] defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006).

Here, the Wetsels have failed to allege that the AOAO concealed any facts or did anything "above and beyond the wrongdoing" that forms the basis for their six claims. *See E. W. French*, 885 F.2d at 1399; *Guerrero*, 442 F.3d at 706. They only allege that the AOAO represented that it had the power to foreclose on the Apartment under Part I when, more than eight years later in *Malabe*, the Hawai'i Supreme Court determined that it did not. *See* Dkt. No. 1 ¶¶ 19, 24, 26.

The Wetsels, however, were in possession of all of the pertinent facts from the beginning. They knew the AOAO was attempting to foreclose on the Apartment because of their unpaid association dues, and they knew the legal basis of that attempt because the AOAO gave that information to them in writing no later than March 2012. That the Wetsels did not have the foresight of the Malabes to challenge that basis does not mean there was fraudulent concealment. *See United States v. Kubrick*, 444 U.S. 111, 122, 124 (1979):

7

> We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury. He is no longer at the mercy of the latter. There are others who can tell him if he has been wronged, and he need only ask. . . . If he fails to bring suit because he is incompetently or mistakenly told that he does not have a case, we discern no sound reason for visiting the consequences of such error on the defendant by delaying the accrual of the claim until the plaintiff is otherwise informed or himself determines to bring suit . . . .

See also *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[L]ack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *N. K. Collins, LLC v. William Grant & Sons, Inc.*, 472 F. Supp. 3d 806, 841–42 (D. Haw. July 17, 2020) ("[D]elay [in asserting a claim] cannot be justified by ignorance of the law, when [the plaintiff] had knowledge of the relevant facts supporting [his or her] claim."); *Malabe*, 465 P.3d at 814 (Recktenwald, C.J., dissenting) ("[I]t would be absurd to suggest that the AOAO could somehow conceal the contents of a statute.").[4]

---

[4] Even if the AOAO's wrongful invocation of Part I did constitute fraudulent concealment, the Wetsels' Complaint is also deficient in that it fails to identify any steps they themselves took to investigate whether the AOAO was allowed to foreclose. *See E. W. French*, 885 F.2d at 1399 (requiring plaintiffs to exercise due diligence to discover the concealed facts). During oral argument, the Court specifically inquired as to whether additional facts relating to equitable tolling existed that had not yet been plead, and counsel answered in the negative. Dkt. No. 20.

It is true that, in *Malabe*, the Hawaiʻi Supreme Court held that similar allegations stated a claim of fraudulent concealment under the state pleadings standard because it was not "beyond doubt" that the Malabes "c[ould] prove no set of facts . . . that would entitle them to relief." 465 P.3d at 804 n.36, 805. But that holding does not inform whether the claim is plausible.[5] In fact, the *Malabe* majority expressly distinguished its analysis under the state pleadings standard from that which would apply had the federal pleadings standard been in play.[6]

## II. Leave to Amend

When a complaint fails to state a plausible claim, leave to amend should be given when "justice so requires." Fed. R. Civ. P. 15(a)(2). Justice does *not* so require when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there

---

[5]"Pleading in federal court is governed by Federal Rules of Civil Procedure, not state pleading requirements." *Miller v. Sawant*, 18 F.4th 328, 337 (9th Cir. 2021); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) (holding a federal court sitting in diversity applies federal procedural law and state substantive law).

[6]*Malabe*, 465 P.3d at 804 n.36 ("We also strongly disagree with the dissent's imposition of federal court pleading standards for fraudulent concealment onto our state courts. . . . The pleading standard for 'fraudulent concealment' . . . applied by the dissent is consistent with such 'plausibility' standards . . . . In *Reyes-Toledo*, we expressed rejected the *Twombly*/*Iqbal* 'plausibility' pleading standards and reaffirmed that our courts are governed by 'notice' pleading standards. We have never adopted the 'plausibility' pleading standard for fraudulent concealment stated above. Thus, the Malabes have satisfied our notice pleading standards, and the Malabes' allegations are not insufficient as a matter of law, as maintained by the dissent.") (citation omitted); *see also Reyes-Toledo*, 428 P.3d at 774 ("For approximately seventy years, we have upheld our liberal notice pleading standard."); *Galima v. AOAO*, 2020 WL 5735124 at *3 (D. Haw. 2020) ("The [*Malabe*] supreme court's opinion relied heavily upon the notice pleading standard applicable in Hawaiʻi state courts, which is not the same as the pleading standard under federal law.").

has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Here, the Wetsels have conceded that they have no additional facts about the AOAO's actions that have not been pled in the Complaint. *See* Dkt. No. 20. Therefore, leave to amend would be futile.

## CONCLUSION

The Wetsels' Complaint contains insufficient allegations to state a plausible claim of fraudulent concealment. The Wetsels' claims are therefore time-barred. The AOAO's motion to dismiss, Dkt. No. 11, is GRANTED, and all claims are DISMISSED WITH PREJUDICE.[7] The Clerk is instructed to enter Judgment in favor of Defendant pursuant to this Order and then CLOSE this case.

IT IS SO ORDERED.

DATED: July 22, 2022 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

[7] The Court acknowledges that this decision appears to diverge from those of at least one other district judge. *See, e.g., Galima*, 2020 WL 5735124 at *3 (Kobayashi, J.); *Brown v. Porter McGuire*, 2017 WL 3763843 at *11 (D. Haw. 2017) (Kobayashi, J.).