IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRUCE B. WETSEL and SHERRY L. WETSEL,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF ONE WATERFRONT TOWERS ("AOAO"), by and through its Board of Directors,<br><br>Defendant. | Case No. 22-cv-00041-DKW-WRP<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |

On July 22, 2022, this Court dismissed the Wetsels' wrongful foreclosure and eviction Complaint with prejudice, finding that the Wetsels' claims were time-barred. Dkt. No. 22 ("Dismissal Order"). The Wetsels now move the Court to reconsider its Dismissal Order on the basis of clear error and/or manifest injustice. Dkt. No. 24. They contend that their claims were timely because they "did not discover the factual basis for their claims until sometime after June 2020"—namely, the "fact that the AOAO did not have a power of sale." *Id.* at 2. According to Plaintiffs, this revelation, under the "discovery rule," means that the statute of limitations did not begin to accrue until well within any applicable limitations period, given the filing of their Complaint in January 2022. *Id.*

1

The Wetsels misstate the law. The discovery rule instructs that a statute of limitations begins to accrue at the time a plaintiff knew *or should have known* of the facts giving rise to their claim. Here, that clearly occurred in 2012, at which time the Wetsels were in possession of all facts pertinent to whether the AOAO had a power of sale. Their January 2022 suit, nearly ten years later, was, in other words, initiated *well after* the relevant statutes of limitations had expired.[1] The claims were and are time-barred, and reconsideration is DENIED.

## LEGAL STANDARD

Motions for reconsideration may be brought on grounds of (a) discovery of new evidence, (b) change in the law, and/or (c) manifest error of law or fact. Local Rule 60.1. "Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust . . . ." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

---

[1] The Dismissal Order contains detailed factual and procedural histories that need not be repeated here. *See* Dkt. No. 22 at 3–6.

## DISCUSSION

"Under H.R.S. § 657-7, a tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the negligent act, the damage, and the causal connection between the two." *AOAO of Newtown Meadows ex rel. its Bd. of Dirs. v. Venture 15, Inc.*, 167 P.3d 225, 270 (Haw. 2007).

As this Court already explained in the Dismissal Order, *see* Dkt. No. 22 at 6–8, no pertinent facts were unknown to the Wetsels by 2012. They knew the AOAO was attempting to foreclose (and ultimately did foreclose) on their property because of their unpaid association dues. They had letters from the AOAO representing that it possessed a power of sale and that it was relying on publicly available statutes, H.R.S. §§ 667-5–667-10, for its authority to foreclose. The Wetsels simply chose not to act on that information in the same way that the Malabe plaintiffs did, the comparators from *Malabe v. Ass'n of Apartment Owners of Exec. Ctr. ex rel. Bd. of Dirs.*, 465 P.3d 777 (Haw. 2020), on which the Wetsels rely.

The Wetsels contend that they "had no way of determining that the Misrepresentations made by [the] AOAO and/or its attorneys that the AOAO held a power of sale under Part I were false." Dkt. No. 24-1 at 6. They lament:

> [The] Wetsels are not attorneys or people with [the] specialized knowledge and training needed to recognize that [the] AOAO did not

3

> have the appropriate power of sale . . . . [The] Wetsels reasonably relied on the misrepresentations of [the] AOAO and its attorneys and were oblivious to the fact that [the] AOAO was engaged in unlawful conduct.

*Id.* This argument is, just as it was during the motion to dismiss phase, unpersuasive. The Wetsels, like any laypeople, have a responsibility to protect their rights through "reasonable diligence" within the relevant statutes of limitations. *See Venture 15, Inc.*, 167 P.3d at 270; *see also Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "lack of legal sophistication" does not warrant equitable tolling); *N. K. Collins, LLC v. William Grant & Sons, Inc.*, 472 F. Supp. 3d 806, 841–42 (D. Haw. July 17, 2020) ("[D]elay [in asserting a claim] cannot be justified by ignorance of the law, when [the plaintiff] had knowledge of the relevant facts supporting [his or her] claim.").

    The Wetsels, however, did not exercise *any* diligence to protect their rights within the statutes of limitations. They do not allege any timely diligence and when specifically asked by the Court whether additional facts existed to support their efforts to avoid dismissal, they cited none. Had they done something—anything—like the Malabes in 2016, such as inquire as to their rights at the time of the alleged offense in 2012, they may not have run afoul of the time-bar or at least survived Rule 12. Instead, they sat on their heels and did not pursue any recourse until lawyers contacted them after the Malabes achieved a favorable ruling from

the Hawaiʻi Supreme Court in June 2020. *See Malabe*, 465 P.3d at 777.[2] Under these circumstances, the Wetsels—not the AOAO—must suffer the consequences of their idleness. As the U.S. Supreme Court has advised:

> We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain. *The prospect is not so bleak for a plaintiff in possession of the critical facts that he has been hurt and who has inflicted the injury.* He is no longer at the mercy of the latter. There are others who can tell him if he has been wronged, and he need only ask. . . . If he fails to bring suit because he is incompetently or mistakenly told that he does not have a case, we discern no sound reason for visiting the consequences of such error on the defendant by delaying the accrual of the claim until the plaintiff is otherwise informed or himself determines to bring suit.

*United States v. Kubrick*, 444 U.S. 111, 122, 124 (1979) (emphasis added).[3]

---

[2] The Wetsels argue that they *had* no duty to discover the legal implications of the facts at hand because the AOAO "had a trustee-like and/or fiduciary duty to the Wetsels and acted as their attorney or agent pursuant to H.R.S. § 667-10." Dkt. No. 24-1 at 7–8. Thus, they contend that they were "entitled to rely on the Misrepresentations" and were under "no[] obligat[ion] to investigate whether those statements were false" at all. *Id.* at 7. The notion that the Wetsels were entitled to do nothing is not supported by any authority that they have offered. Moreover, even if they were at one time seduced into thinking that the AOAO was their friend with their best interests in mind, that could no longer have been a reasonable thought once the AOAO revealed itself as desirous of foreclosure with an interest adverse to the Wetsels. At least by that point in 2012, the Wetsels had a duty to investigate and, if necessary, to act. As far as the record reveals, however, they did exactly what they did before the AOAO reached out: nothing. A claim to diligence, much less of the reasonable variety, cannot be advanced in the face of these facts.

[3] With regard to the Wetsels' continued reliance on *Galima v. AOAO*, 2020 WL 5735124 (D. Haw. 2020) (Kobayashi, J.) and *Brown v. Porter McGuire*, 2017 WL 3763843 (D. Haw. 2017) (Kobayashi, J.), *see* Dkt. No. 24-1 at 11–13, the Court again notes that to the extent its opinion differs, those opinions are not binding and do not constrain those of this Court. *See* Dismissal Order at 10 n.7.

## **CONCLUSION**

The Motion for Reconsideration is DENIED. The Wetsels' claims are time-barred, and this action remains CLOSED.

IT IS SO ORDERED.

DATED: September 1, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Bruce B. Wetsel and Sherry L. Wetsel v. Association of Apartment Owners of One Waterfront Towers ("AOAO")*; Civil No. 22-00041 DKW-WRP; **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**