IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRUCE B. WETSEL and SHERRY L. WETSEL,<br><br>            Plaintiffs,<br><br>     vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF ONE WATERFRONT TOWERS, by and through its Board of Directors,<br><br>            Defendant. | CIV. NO. 22-00041 DKW-WRP<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS |

FINDINGS AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Defendant's Motion for Attorneys' Fees and Costs (Motion). See ECF No. 26. The parties' "Local Rule 54.2(E) Joint Statement re: Fee Motion" was filed on September 9, 2022. See ECF No. 27. Plaintiffs filed their Opposition on September 23, 2022. See ECF No. 33. Defendant filed its Reply on October 5, 2022. See ECF No. 36. This matter is suitable for disposition without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules). After careful consideration of the record in this action and the relevant legal authority, the Court

FINDS AND RECOMMENDS that Defendant's Motion be DENIED.[1]

BACKGROUND

This action arises from events occurring over a decade ago when, according to Plaintiffs, Defendant allegedly misused Hawaii Revised Statute ("HRS") Sections 667-5 through 667-10 ("Part I") to wrongfully acquire and sell Plaintiffs' property. See ECF No. 1 ¶¶ 17-26.

According to the Complaint, Plaintiffs purchased an apartment at One Waterfront Towers condominium project on June 23, 2006 ("Apartment"), see id. ¶¶ 7, 12, financed in part with loans secured by mortgages. See id. ¶ 12. Plaintiffs were required to pay their portion of the common expenses associated with their ownership. See id. ¶ 10.

At some point before March 2012, Plaintiffs became delinquent in paying their mortgages and common expenses. See id. ¶ 13. Defendant's attorney recorded a lien on the Apartment for the unpaid common expenses. See id. ¶ at 17. The Complaint alleges that while Plaintiffs' mortgage lender was not aggressively pursuing foreclosure, see id. ¶ 14, Defendant, on the other hand, viewed the mortgage lender's delay as an "opportunity" to "quickly acquire" the Apartment

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636 (b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

and its potential rental income. See id. ¶¶ 28, 29. To do this, Defendant allegedly used Part I to foreclose on its lien for common expenses by fraudulently misrepresenting to Plaintiffs that it had statutory authority to foreclose when it did not possess such authority. See id. ¶ 26.

On or about March 30, 2012, Defendant sold the Apartment via public sale to itself. See id. ¶ 20. Defendant then executed a quitclaim deed for the Apartment as grantor and grantee, recorded the quitclaim deed on April 23, 2012, and evicted Plaintiffs from the Apartment. See id. ¶¶ 21, 22.

Plaintiffs did not challenge Defendant's foreclosure or sale for more than eight years. See ECF No. 22 at 4. Plaintiffs decided to bring this action, however, after learning of the Hawai'i Supreme Court's decision in Malabe v. Ass'n of Apartment Owners of Exec. Ctr., 465 P.3d 777 (Haw. 2020). According to Plaintiffs, the Malabe Court held that associations of apartment owners (AOAOs), including Defendant, were not authorized to use Part I to compel foreclosure because Part I only authorizes public sale by a creditor in possession of a power of sale, such as a mortgage lender. See ECF No. 22 at 4.

On January 24, 2022, Plaintiffs filed their Complaint against Defendant alleging six causes of action: conversion /wrongful foreclosure, negligent misrepresentation, negligent supervision, wrongful eviction, unfair and deceptive acts or practices, and fraud. See ECF No. 1.

Defendant moved to dismiss the Complaint in its entirety asserting that all claims were barred by the applicable statutes of limitations. See ECF No. 11. The District Court granted Defendant's Motion to Dismiss on July 22, 2022. See ECF No. 22 (Order). The Clerk entered judgment in favor of Defendant based on the District Court's Order. See ECF No. 23. Defendant now moves for an award of attorneys' fees and costs in the amount of $11,421.80. See ECF No. 26-1 at 11.

## DISCUSSION

A federal court sitting in diversity applies state law in determining whether the prevailing party is entitled to attorneys' fees. See Farmers Ins. Exch. v. Law Offs. of Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001). Under Hawai'i law, "[o]rdinarily, attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 141 P.3d 459, 478 (Haw. 2006) (citation omitted).

In its Motion, Defendant argues that it is entitled to fees and costs under four, Hawaii state law provisions: (i) HRS Section 514B-157(a); (ii) HRS Section 514B-157(b); (iii) HRS Section 607-14; and (iv) HRS Section 607-9. Alternatively, Defendant argues it is entitled to its fees and costs under the Court's inherent power. See ECF No. 26-1. Plaintiffs argue that Defendant is not entitled fees and costs under any authority. See ECF Nos. 33, 27. The Court addresses

each basis for awarding fees and costs below.

## I. HRS Section 514B-157(a)(2)

First, Defendant argues that it is entitled to fees under Section 514B-157(a)(2) "because this action would not have arisen but for" Defendant's 2012 foreclosure of its lien. See ECF No. 36 at 2, 4. Section 514B-157(a)(2) provides that attorneys' fees incurred by an AOAO for foreclosing on a lien shall be "promptly" paid by the owner to the AOAO following a foreclosure. See Haw. Rev. Stat. § 514B-157(a)(2) (emphasis added) ("(a) All costs and expenses, including reasonable attorneys' fees, incurred by or on behalf of the association for. . . (2) Foreclosing any lien thereon. . . against an owner. . . shall be *promptly* paid . . . to the association by such person or persons"). "[T]he fundamental starting point for statutory interpretation is the language of the statute itself. . . . [W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." Schmidt v. Bd. of Dirs. of Ass'n of Apartment Owners of Marco Polo Apartments, 836 P.2d 479, 482 (Haw. 1992) (citation omitted). Black's Law Dictionary defines the word "prompt" as: "to incite, esp. to immediate action." Black's Law Dictionary (11th ed. 2019). Defendant provides no authority to support its assertion that Section 514B-157(a)(2) can be used so tenuously to collect attorneys' fees on a foreclosure that occurred over a decade ago.

5

In interpreting similar language, other courts have held that a statute awarding fees to an AOAO for "foreclosing" on a lien should be limited to actions where the AOAO takes *affirmative* action against the owner or the property. See In re Faitalia, 561 B.R. 767, 774 (B.A.P. 9th Cir. 2016), aff'd, 736 F. App'x 693 (9th Cir. 2018) ("HRS § 421J–10(a) permits fees and expenses incurred by the Association only if the Association was 'collecting' delinquent assessments, 'foreclosing' on its lien, or 'enforcing' its covenants. While these terms are not defined in HRS Chapter 421J, the use of these active verbs denotes some type of affirmative conduct relating to those described acts."). Similarly, here, the term "foreclosing" is not defined in Chapter 514B. Plaintiffs initiated this lawsuit eight years after Defendant's foreclosure. The only "affirmative conduct" of Defendant was its defense of this litigation. The Court finds that Defendant is not entitled to an award of attorneys' fees under a statute that awards fees in actions for foreclosing on a lien when no foreclosure occurred in this litigation.

Accordingly, the Court FINDS that Defendant is not entitled to fees under to Section 514B-157(a)(2).

## II.  HRS Section 514B-157(b)

Defendant next argues that it is entitled to fees under Section 514B-157(b), which awards attorneys' fees and costs to an AOAO if an owner brings a claim against the AOAO "to enforce any provision of the declaration, bylaws,

6

house rules, or [Chapter 514B]," and the claim is not substantiated.  See Haw. Rev. Stat. § 514B-157(b).  Defendant's Motion is silent as to which provision in its governing documents or Chapter 514B Plaintiffs attempted to enforce in this litigation.  See ECF No. 26-1 at 6.  While the Court could end its analysis there,[2] the Court notes that, in its Reply, Defendant appears to argue that Plaintiffs' reference to Section 514B-146(a) in its Opposition constitutes an effort by Plaintiffs to enforce Section 514B-146(a).  See ECF No. 36 at 5.  Although the dismissal of Plaintiffs' Complaint may satisfy the "unsubstantiated" prerequisite in the statute, Defendant has not shown that Plaintiffs sought affirmative relief in this action to "enforce" a provision of Chapter 514B.

In interpreting a similar statue, the Hawai'i Supreme Court held that the word "enforce" meant that the owner must have been seeking an *affirmative* course of action from the AOAO or seeking to compel the AOAO's obedience to a provision of the statute.  See Schmidt, 836 P.2d at 482-83.  Here, Plaintiffs did not seek to enforce any provision of Section 514B.  Compare ECF No. 1 (where Plaintiffs seek to hold Defendant liable for its misinterpretation of Part I *of HRS Section 667* and its alleged associated intentional or negligent conduct), with Schmidt, 836 P.2d at 481 (where the Hawai'i Supreme Court held that plaintiffs

---

[2] See Local Rule 7.2 ("Any argument raised for the first time in the reply shall be disregard.").

were not enforcing any affirmative action on the part of the AOAO to comply with the AOAO's declaration, by-laws, house rules, or HRS Chapter 514A even when plaintiffs' complaint sought damages for the AOAO's failure to comply with by-laws and its declaration.).

Defendant has not shown that Plaintiffs' mention of Section 514B-146(a) in their briefing constitutes an effort to enforce Section 514B-146(a), which aids AOAOs in their collection of overdue common expenses and would not be in Plaintiffs' interest to enforce.

The Court FINDS that Defendant also is not entitled to attorneys' fees and costs under Section 514B-157(b).

### III.   HRS Section 607-14

Defendant next argues that it is entitled to fees under Section 607-14. See ECF No. 26-1.  Section 607-14 provides that attorneys' fees shall be awarded to the prevailing party "in all actions in the nature of assumpsit" not to exceed twenty-five percent of the amount sued for.  See Haw. Rev. Stat. § 607-14.  As an initial matter, because Defendant obtained a judgment of dismissal, it is the prevailing party for purposes of Section 607-14.  See Blair v. Ing, 31 P.3d 184, 188 (Haw. 2001).  Further, Defendant seeks attorneys' fees and costs in the amount of $11,421.80, well below twenty-five percent of the amount in controversy stated in the Complaint.  See ECF No. 1 ¶ 2.

Having determined that Defendant is the prevailing party and the fees sought are less than twenty-five percent of the amount sued for, the Court must determine whether the action is in the nature of assumpsit under Section 607-14. "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 141 P.3d 996, 1013 (Haw. 2006) (citation omitted). However, the mere fact that a claim "relate[s] to a contract between the parties does not render a dispute between the parties an assumpsit action." TSA Int'l, Ltd. v. Shimizu Corp., 990 P.2d 713, 734 (Haw. 1999). The court must examine "the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought" to determine whether an action is in the nature of assumpsit. Blair, 31 P.3d at 189.

"Although the Court looks to the substance of the entire pleading, it must also 'determine whether each individual claim alleged in a complaint sounds in assumpsit or tort.'" BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., 2015 WL 881577, at *8 (D. Haw. Feb. 27, 2015) (quoting Kona Enters. v. Estate of Bernice Pauahi Bishop, 229 F.3d 877, 885 (9th Cir. 2000)). If the Court determines that the action involves both assumpsit and non-assumpsit claims, the Court "must base its award of fees, if practicable, on an apportionment of the fees claimed between assumpsit and non-assumpsit claims." TSA, 990 P.2d at 734.

Here, Defendant argues this action is in the nature of assumpsit because Plaintiffs' allegations arise from its declaration of condominium property regime, and/or its by-laws, and that all of its alleged wrongdoing arose out of its contractual or quasi-contractual obligations to Plaintiffs.  See ECF No. 26-1 at 7.  Plaintiffs argue that the Complaint is not in the nature of assumpsit by lumping all of its claims together as a "tort claim."  See ECF No. 33 at 21-22 ("It is clear that the Complaint, in this case, alleges that [Defendant] engaged in unlawful conduct by using a collection process it was not authorized to use. This is a tort claim, rather than a claim for breach of contract. . . .  [T]he Complaint alleges that [Defendant] stole, converted and/or wrongfully dispossessed Plaintiffs of their apartment, a tort claim.").  Despite the parties' failure to fully address this issue, the Court will evaluate whether each claim in the Complaint is in the nature of assumpsit: conversion /wrongful foreclosure, negligent misrepresentation, negligent supervision, wrongful eviction, unfair and deceptive acts or practices, and fraud.  See ECF No. 1.

Plaintiffs' first claim in their Complaint is titled as "conversion/wrongful foreclosure."  See id. at 6.  Conversion sounds in tort.  See BlueEarth, 2015 WL 881577, at *9.  Wrongful foreclosure also sounds in tort when based on misrepresentation or fraud.  See Benoist v. U.S. Bank Nat. Ass'n, 2013 WL 704865, at *4 (D. Haw. Jan. 28, 2013), adopted by sub nom. Benoist v.

United States, 2013 WL 705100 (D. Haw. Feb. 25, 2013).  Here, Plaintiffs base their wrongful foreclosure claim on Defendant's alleged misrepresentation and fraud.  See ECF No. 1 ¶ 26 (alleging Defendant fraudulently misrepresented its statutory authority to foreclose on its lien under Part I); id. ¶¶ 28, 29 (alleging Defendant viewed Plaintiffs' mortgage lender's delay in foreclosing on its mortgages as an opportunity to quickly acquire the Apartment and its potential rental income).  Further, wrongful foreclosure claims are not in the nature of assumpsit when based on a lack of statutory authority to foreclose.  See Valencia v. Carrington Mortg. Servs., LLC, 2013 WL 3223632, at *6 (D. Haw. May 9, 2013), adopted as modified, 2013 WL 3223628 (D. Haw. June 25, 2013) (emphasis added) ("Although these claims [including a claim for wrongful foreclosure] relate to the note and mortgage, the Fourth Amended Complaint did not allege that the Bank Defendants breached the note or mortgage and or seek damages based on the breach of any obligation arising out of the note or mortgage. Plaintiffs' primary allegations against the Bank Defendants *were that they violated statutory duties and lacked authority to foreclose* because they had no relationship to the note and mortgage. The Court rejects the Bank Defendants' argument that the relief requested by Plaintiffs transformed this entire action into one in the nature of assumpsit.").  Because Plaintiffs' wrongful foreclosure claim is based on Defendant's alleged fraud and/or lack of statutory authority to foreclose on

Plaintiffs' Apartment, the Court finds that Plaintiffs' wrongful foreclosure claim is not in the nature of assumpsit.

Plaintiffs' claim of negligent misrepresentation also sounds in tort. See Au v. Funding Grp., Inc., 2013 WL 1154211, at *4 (D. Haw. Feb. 19, 2013), adopted by, 2013 WL 1154351 (D. Haw. Mar. 19, 2013), aff'd, 588 F. App'x 707 (9th Cir. 2014). The claim for negligent supervision sounds in tort. See Cnty. of Kaua'i v. Scottsdale Ins. Co., 978 P.2d 838, 839 (Haw. 1999).

Hawai'i case law does not analyze wrongful eviction in the context of the assumpsit versus tort analysis. Wrongful eviction can be based in tort or contract. See Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 628 (9th Cir. 1996). Like the wrongful foreclosure claim, Plaintiffs' wrongful eviction claim stems from Defendant's alleged fraudulent misrepresentation and its foreclosure without statutory authority. Therefore, the basis for the wrongful eviction claim is either tortious, statutory, or both, and neither is in the nature of assumpsit. Therefore, the Court finds that Plaintiffs' wrongful eviction claim is not in the nature of assumpsit.

Plaintiffs' unfair and deceptive trade practices claim is statutory and is not in the nature of assumpsit. See Au v. Republic State Mortg. Co., 2014 WL 770291, at *4 (D. Haw. Feb. 25, 2014).

Plaintiffs' claim for fraud sounds in tort, even if related to a contract,

and is not in the nature of assumpsit.  See Adon Constr. Inc. v. Renesola Am. Inc., 2019 WL 5198176, at *4 (D. Haw. Sept. 26, 2019), adopted by, 2019 WL 5196376 (D. Haw. Oct. 15, 2019) (citing TSA, 990 P.2d at 734).

All claims in Plaintiffs' Complaint are based in tort or statute, and therefore, the nature of this action is not in assumpsit.  Accordingly, the Court FINDS that Defendant is not entitled to attorneys' fees and costs under HRS Section 607-14.

**IV.     HRS Section 607-9**

Next, Defendant argues that it is entitled to its costs under Section 607-9.  See ECF No. 26-1.  That is, in state court actions, taxable costs are awarded to the prevailing party under Section 607-9.  See Canalez v. Bob's Appliance Serv. Ctr., Inc., 972 P.2d 295, 309 (Haw. 1999) ("In Hawai'i, taxable 'costs' are defined in HRS § 607–9.").  In federal court, however, taxable costs are awarded under Federal Rule of Civil Procedure Rule 54(d)(1).  See Fed. R. Civ. P. 54(d)(1).  The Court has wide discretion in awarding costs under Rule 54(d)(1).  See K-S-H Plastics, Inc. v. Carolite, Inc., 408 F.2d 54, 60 (9th Cir. 1969).  Here, Defendant's request for taxable costs under Section 607-9 is procedurally improper.  To the extent Defendant sought an award of taxable costs, Defendant was required to file a Bill of Costs in accordance with the requirements of Rule 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920.  Thus, the Court FINDS that Defendant is not entitled

to an award of costs under HRS Section 607-9.

## V. The Court's Inherent Authority

Finally, Defendant argues that the Court should exercise its inherent power to awards Defendant its attorneys' fees and costs based on Plaintiffs' bad faith. See ECF No. 26-1 at 8. Courts have the inherent authority to sanction parties in the amount of the opposing party's attorneys' fees when a party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons," or has "taken actions in the litigation for an improper purpose." Fink v. Gomez, 239 F.3d 989, 991-92 (9th Cir. 2001). The Ninth Circuit requires an explicit finding of bad faith. See id. at 992.

In its Order granting Defendant's motion to dismiss, the district court did not find or otherwise state that Plaintiffs' arguments were frivolous or that Plaintiffs' actions were vexatious. See ECF No. 22. Although the district court concluded that Plaintiffs' Complaint should be dismissed, the court did not find that Plaintiffs acted with an improper purpose. Accordingly, Defendant has not shown that Plaintiffs have acted in bad faith. The Court FINDS that Defendant is not entitled to attorneys' fees under the Court's inherent power.

CONCLUSION

The Court FINDS AND RECOMMENDS that the District Court DENY Defendant's request for attorneys' fees and costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI'I, NOVEMBER 7, 2022.



Wes Reber Porter
United States Magistrate Judge

**WETSEL, ET AL. v. ASSOCIATION OF APARTMENT OWNERS OF ONE WATERFRONT TOWERS; NO. 22-00041 DKW- WRP; FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**